# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-261-MR-DCK

| | |
|---|---|
| CINDY CALDWELL, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| PEERLESS INSURANCE COMPANY, and PEERLESS INDEMNITY INSURANCE COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss" (Document No. 9). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will respectfully recommend that the motion be granted.

## BACKGROUND

Cindy Caldwell ("Plaintiff" or "Caldwell") filed an "Amended Complaint" (Document No. 8) on October 22, 2014. The "Amended Complaint" asserts claims against Defendants Peerless Insurance Company ("PIC") and Peerless Indemnity Insurance Company ("PIIC") for: (1) breach of contract; (2) bad faith claims settlement; and (3) unfair or deceptive trade practices. (Document No. 8).

On November 10, 2014, Defendant PIIC filed the pending "Motion To Dismiss" (Document No. 9) pursuant to Fed.R.Civ.P. 12(b)(6). In short, PIIC asserts that it has been improperly named in this lawsuit and that it "did not underwrite the insurance policy at issue in

this matter, Policy Number PLPW774792 ("Subject Policy"), or otherwise have any involvement with the adjustment of Plaintiff's claim for benefits that form the basis of the dispute framed in Plaintiff's Complaint and Amended Complaint." (Document No. 9, p.1).

Plaintiff's response to the pending motion was due on December 8, 2014. See Local Rule 7.1 (E). It appears that in lieu of a response, Defendants filed the parties' "Stipulation Regarding Correct Party Defendant" (Document No. 14) on December 8, 2014. In that document, the parties stipulate that Defendant PIC underwrote Policy No. PLPW774792; that PIC "will be responsible for satisfying any final judgment entered in this action that establishes its legal liability to Caldwell on any of her claims…"; and that Caldwell agrees to voluntarily dismiss Defendant PIIC, without prejudice, from this action. (Document No. 14).

This matter is now ripe for review and a recommendation to the Honorable Martin Reidinger.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## DISCUSSION

Based on the foregoing procedural background, it appears that the parties all agree that Defendant PIIC should be dismissed from this action. See (Document No. 14). As such, the undersigned will recommend that Defendant PIIC's "Motion To Dismiss" be granted, to the extent that PIIC be dismissed from this action, without prejudice. See (Document No. 14, p.2).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss" (Document No. 9) be **GRANTED**, and that pursuant to the parties' "Stipulation…" (Document No. 14), Defendant Peerless Indemnity Insurance Company be **DISMISSED** from this action, **WITHOUT PREJUDICE**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: December 11, 2014

David C. Keesler
United States Magistrate Judge